IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIARA BURTON, a/k/a HERMAN BURTON, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JOHN E. WETZEL, *FORMER SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.*, | ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO. 3:22-cv-94

JUDGE KIM R. GIBSON

## MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto (the "Magistrate Judge") for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

Plaintiff's operative complaint, the Amended Complaint at ECF No. 44, asserts multiple constitutional claims against Defendants in this matter. On October 4, 2023, Plaintiff's "Motion for Temporary Restraining [Order] and Preliminary Injunction" (the "Motion") was docketed. (ECF No. 50). In the Motion, Plaintiff requests that the Court issue an injunction or restraining order: (1) barring Defendants and others from continuing to house Plaintiff in the Restricted Housing Unit (the "RHU"), (2) requiring Defendants to transfer Plaintiff to a different institution, (3) barring Defendants and others from conducting "cross gender strip searches", and (4) requiring Defendants and others to "cease and desist all threats to [Plaintiff's] health and safety[.]" (*Id.* at 1).

On October 5, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the Court deny the Motion without a hearing. (ECF No. 52 at 1). Further, the

Magistrate Judge noted that the parties had "fourteen days to file written objections to [the] Report and Recommendation." (*Id.* at 2). Finally, the Magistrate Judge stated that, in the "absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted." (*Id.*) (citing *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017)).

After Plaintiff requested and the Magistrate Judge granted an extension of time within which to file Objections to the Report and Recommendation, (ECF Nos. 55,56), Plaintiff's timely Objections were docketed on December 12, 2023. (ECF No. 57).[1]

The Court has reviewed Plaintiff's Objections, (*id.*), and the Court finds that they do not undermine the recommendation of the Magistrate Judge that the Court should deny Plaintiff's Motion. The Court explains its reasons for agreeing with the Magistrate Judge's conclusion below.

With respect to Plaintiff's first basis for a preliminary injunction or a temporary restraining order, that Plaintiff is being housed in the RHU and should no longer be, the Court notes that Plaintiff has offered no indication that Plaintiff was *in* the RHU at the time of filing the Motion, or that Plaintiff is likely to be in the RHU at any time in the future. (*See* ECF Nos. 50, 57). Therefore, the Court holds that Plaintiff has not shown that a preliminary injunction or a

---

[1] The Court notes that, per the Magistrate Judge's Order at ECF No. 56, Plaintiff's Objections to the Report and Recommendation were due on or before December 20, 2023. On January 8, 2024, the Court docketed Plaintiff's Declaration, which Plaintiff had signed on December 29, 2023, as well Exhibits that were attached to the Declaration. (ECF No. 59). Therefore, the Declaration and Exhibits were untimely filed.

Further, the Exhibits consist of grievances filed by Plaintiff, as well as responses and other documents related to those grievances. (ECF No. 59-1 at 1–9). However, none of the grievances, responses, or other documents appear to pertain to Plaintiff's incarceration at State Correctional Institution Albion, which is Plaintiff's current facility. (ECF No. 59-3). Accordingly, even if Plaintiff's Declaration and Exhibits were timely, they would likely have no bearing on Plaintiff's request for a preliminary injunction or a temporary restraining order given the nature of Plaintiff's requests in the Motion at ECF No. 50. The Court therefore sets aside Plaintiff's submission at ECF No. 59 in ruling on Plaintiff's Motion.

temporary restraining order is warranted at this juncture. *Lane v. N.J.*, 725 F. App'x 185, 187 (3d Cir. 2018) ("To obtain a preliminary injunction, the moving party must establish: '(1) a likelihood of success on the merits; (2) that [that party] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'") (quoting *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)); *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) ("[A] showing of irreparable harm is insufficient if the harm will only occur in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm") (cleaned up); *see also Camacho Lopez v. Lowe*, 452 F. Supp. 3d 150, 157 n.3 (M.D. Pa. 2020) ("Temporary restraining orders and preliminary injunctions are governed by nearly identical factors, the principal distinctions being in procedure and effect.") (cleaned up).

Turning to Plaintiff's second basis for a preliminary injunction or a temporary restraining order, that Plaintiff should be transferred to a different facility, the Court finds that Plaintiff has not shown a likelihood of success on the merits relative to this request, especially because Plaintiff offers no reason as to *why* a transfer from SCI Albion is warranted. (ECF Nos. 50, 57); *Aliahmed v. Troxler*, 839 F. App'x 675, 677 (3d Cir. 2021) (noting that an inmate lacks a "cognizable liberty interest in being confined in any particular institution" and affirming the district court's denial of an inmate's request for a preliminary injunction requiring that that inmate be transferred to a different facility).

Turning to Plaintiff's third basis for a preliminary injunction or a temporary restraining order, that Plaintiff has been subjected to "cross gender strip searches[,]" the Court notes that all such searches alleged by Plaintiff occurred when Plaintiff was housed at State Correctional

Institution Houtzdale ("SCI Houtzdale"). (ECF No. 50 at 3–6) (*see also* ECF No. 44 at 6). After all of the alleged strip searches had occurred, Plaintiff was transferred to State Correctional Institution Albion ("SCI Albion"). (*See* ECF Nos. 50, 57). And, Plaintiff does not allege that such a search has occurred at SCI Albion, or that such a search is at all likely to occur at any time in the future. (*See* ECF Nos. 50, 57). Therefore, the Court finds that Plaintiff has failed to show that a preliminary injunction or a temporary restraining order is warranted relative to this issue. *Lane*, 725 F. App'x at 187; *Campbell Soup Co.*, 977 F.2d at 91; *see also Miller v. Hartwell*, 834 F. App'x 692, 694 (3d Cir. 2020) ("Because [plaintiff] has been transferred from the facility at which the named defendants oversaw his medical care, he can demonstrate neither likelihood of success on the merits of his claim for prospective injunctive relief nor irreparable injury from the denial of preliminary injunctive relief, and therefore both are equally moot.").

Fourth, turning to Plaintiff's request that the Court enter an injunction requiring the Defendants to "cease and desist all threats to [Plaintiff's] health and safety[,]" the Court notes that this request is at least primarily based on Plaintiff's allegation that another inmate sexually assaulted Plaintiff at SCI Albion. (ECF No. 50 at 7). Plaintiff filed a Sexual Assault report relative to this incident, and Plaintiff offers the Court no indication that Plaintiff is at risk of further harm from this inmate moving forward. (*See* ECF Nos. 50, 57). Therefore, while this allegation is highly disturbing to the Court, the Court finds that it is appropriate to deny Plaintiff's request for injunctive relief at this time. *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (finding that plaintiff was not entitled to preliminary injunctive relief on facts similar to the allegations now before this Court).

Finally, to the extent that Plaintiff makes any additional allegations in the Motion, the Court finds that Plaintiff has failed to show that any other legally-cognizable harm that Plaintiff has suffered "could not be remedied following a final determination on the merits" of Plaintiff's claims. *Rivera v. PA DOC*, 346 F. App'x 749, 750–51 (3d Cir. 2009).

Therefore, upon *de novo* review of: (1) the record in this matter, (2) Plaintiff's Motion at ECF No 50, (3) the Report and Recommendation at ECF No. 52, and (4) Plaintiff's Objections at ECF No. 57, the following order is entered:

AND NOW, this 30th day of September, 2024, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order or a Preliminary Injunction (ECF No. 50) is **DENIED WITHOUT PREJUDICE** for the reasons set forth above.

**IT IS FURTHER ORDERED** that the Court adopts the Report and Recommendation at ECF No. 52 solely for its conclusion that Plaintiff's Motion at ECF No. 50 should be denied. The Court notes that it is not presently ruling on the Magistrate Judge's Report and Recommendation regarding Plaintiff's operative Complaint. (ECF No. 54). The Court will consider Plaintiff's operative Complaint and the Report and Recommendation at ECF No. 54 by way of a separate Memorandum Opinion or Memorandum Order.

BY THE COURT:

_/s/ Kim R. Gibson_
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**